Jeffrey G. Winter
HARTELIUS, DUROCHER & WINTER, P.C.
118 6th Street South
P.O. Box 1629
Great Falls, MT 59403-1629
Tel: (406) 727-4020
jwinter@mtlawyers.net
Attorney for Plaintiff

FILED
MAR 14 2017
Clerk, U.S District Court
District Of Montana
Great Falls

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| LEA ANN MALATARE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Cause No. CV-17-22-GF-BMM<br><br>**COMPLAINT** |

COMES NOW the Plaintiff, Lea Ann Malatare, and for her Complaint, alleges as follows:

### PARTIES AND JURISDICTION

1. Plaintiff is a member and/or descendant of the Blackfeet Tribe and at all times relevant hereto was a resident of Browning, Montana, located within the exterior boundaries of the Blackfeet Indian Reservation.

2. At all times relevant hereto, Blackfeet Law Enforcement Services (hereinafter "BLES") was an agency of the Blackfeet Tribe, located in Browning, Glacier County, Montana, within the exterior boundaries of the Blackfeet Reservation.

3. This Court has personal jurisdiction over the parties.

4. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391.

5. The tortious conduct giving rise to Plaintiff's complaint occurred in and near Browning, Glacier County, Montana, by and through the federal government.

6. The United States of America delegated duty to the Blackfeet Tribe under

the Indian Self-Determination and Education Assistance Act of 1975 (ISDEAA), Public Law 93-638, to manage its own affairs. This delegation included the ability to secure law enforcement, which the Blackfeet Tribe has done in the form of BLES. As a result, the Blackfeet Tribe is required to follow federal requirements and guidelines in order to receive funding and support for BLES.

7. The Public Law 93-638 contracts and agreements between the United States of America and the Blackfeet Tribe were implemented through the Bureau of Indian Affairs.

8. At all times and for all Plaintiff's assertions relevant hereto, BLES and the Blackfeet Tribe were operating under and carrying out a Public Law 93-638 contract through the Bureau of Indian Affairs of the United States federal government.

9. This Court has jurisdiction over this case pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671-2680. This Court is vested with jurisdiction pursuant to 28 U.S.C. § 1346(b).

## FACTS AND CLAIMS

10. Plaintiff realleges the allegations contained in paragraphs 1 through 9.

11. On May 26, 2014, Plaintiff was a passenger of a vehicle being operated in Browning, Montana, located within the exterior boundaries of the Blackfeet Indian Reservation, when said vehicle became subject to a high-speed pursuit by one or more officers of BLES, including Officer Howard G. Lee and Officer Frank Goings.

12. The high-speed pursuit by BLES officers continued outside the city limits of Browning, Montana and on to Highway 89 North. The pursuit ended when the vehicle in which Plaintiff was a passenger left the roadway and crashed. The pursuit and crash occurred within the exterior boundaries of the Blackfeet Indian Reservation.

13. Plaintiff sustained severe and permanent injuries in the crash.

14. As a result of her injuries, Plaintiff has incurred damages.

15. The pursuit by BLES officers violated applicable policies and procedures with respect to vehicle pursuits.

16. The BLES officers involved in the pursuit were negligent and negligent as

a matter of law.

17. The BLES officers involved in the pursuit were acting within the course and scope of their employment with BLES at the time of the pursuit and crash.

18. BLES is vicariously liable for the negligence of its employees in the course and scope of their employment, pursuant to the doctrine of *respondeat superior*.

19. BLES was negligent in failing to properly train and supervise its officers regarding proper policies and procedures with respect to vehicle pursuits.

20. Plaintiff's injuries and resulting damages were caused by the negligence of BLES and the BLES officers involved in the pursuit.

21. Plaintiff was not a cause of her injuries or damages.

WHEREFORE, Plaintiff prays for judgment against the United States as follows:

1. For an award of general and special damages sufficient to compensate Plaintiff for past, present and future medical expenses and other expenses, loss of earnings and earning capacity, physical and emotional pain and suffering, loss of established course of life, loss of enjoyment of life, and all other special and general damages suffered by Plaintiff as a result of the negligence of BLES and the BLES officers involved in the pursuit;

2. For costs and fees as allowed by law; and

3. For all other relief the Court deems appropriate.

DATED this 14th day of March, 2017.

HARTELIUS, DUROCHER & WINTER, P.C.

By: _____
Jeffrey G. Winter
Attorney for Plaintiff